FILED

DEC 11 2007

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARGARET VIOLET JENKINS WILLIAMS,

    Petitioner,

v.                                       Civil Action No. 3:07cv152
                                        (Judge Bailey)

UNITED STATES OF AMERICA,

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

On November 20, 2007, the *pro se* petitioner initiated this case by filing an Emergency Petition for a Writ of Mandamus. This case is before the undersigned for an initial review and report and recommendation.

### I. The Petition

In the petition, the petitioner asserts that her sentence was imposed in violation of the *ex post facto* clause. In support of this claim, the petitioner asserts that she was sentenced under the Sentencing Reform Act of 1987 ("new law"), but that the record clearly establishes that the crimes for which she was convicted started prior to the enactment of that law. Thus, the petitioner asserts that she should have been sentenced under the Sentencing Reform Act of 1984 ("old law"), which allows for parole and the opportunity to earn more statutory good time. Consequently, the petitioner asserts that her new law sentence is harsher than the old law sentence she should have received.

Furthermore, because the petitioner believes that the imposition of a proper old law sentence would require her release via mandatory release, or her release to parole, she seeks an Order directing

the Bureau of Prisons to compute her sentence under old law standards and that she immediately be considered for parole. Alternatively, the petitioner seeks an Order requiring her mandatory release.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted). To do so, the party seeking mandamus relief must demonstrate (1) a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances. United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 522 (4th Cir. 1999).

Here, the petitioner has failed to show that she has a clear and indisputable right to the relief sought or that there is no other adequate means to obtain the relief she desires. To the contrary, the petitioner's writ of mandamus is nothing more than a challenge to the imposition of her sentence. The appropriate means for making such a challenge is pursuant to a motion under 28 U.S.C. § 2255.[1]

---

[1] In fact, it appears the petitioner is aware that relief may be more appropriate in her criminal case. Shortly after the filing of this case, the petitioner filed an identical request for relief in her criminal case.

Accordingly, the petitioner has failed to show extraordinary circumstances which would entitle her to the relief sought.

### III. Recommendation

For the foregoing reasons, it is recommended that the petitioner's Emergency Petition for a Writ of Mandamus (dckt. 1) be **DENIED** and this case be **DISMISSED with prejudice.**

Within ten (10) days after being served with a copy of this opinion, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: December _10_, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

See United States v. Williams, 1:95cr2(1) (N.D.W.Va. 1995) dckt. 207.